IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD GRAHAM, #370-436 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-12-1962 |
| JORDAN BANKS | * | |
| WICOMICO COUNTY NARCOTIC TASK FORCE, et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

In this prisoner civil rights complaint under 42 U.S.C. § 1983, self-represented plaintiff Edward Graham ("Graham") claims his Chevy Trail Blazer and Oldsmobile vehicles were "stolen" by Defendants after his arrest.[1]  As relief, he asks for return of the vehicles or compensation in the amount of $20,000.  For reasons to follow, this case will be dismissed.

## BACKGROUND

Graham pleaded guilty possession with intent of a large amount of controlled substance and illegal possession of a regulated firearm.  He complains he was not allowed to call witnesses at the state forfeiture hearing, but acknowledge he was allowed to make a statement.  ECF No. 4, Plaintiff's Supplement.

## ANALYSIS

---

[1] The Maryland Case Search website at http://casesearch.courts.state.md.us/inquiry shows Graham pleaded guilty on August 10, 2011, in the Circuit Court for Wicomico County to CDS possession with intent and illegal possession of a firearm, and was sentenced to twenty years of incarceration with ten years suspended on the CDS charge and five years on the firearms charge in case number 22K11000070. A forfeiture hearing was held before the Honorable W. Newton Jackson on April 1, 2011. Cases Number 22C11000279 and 22C11000280.  Graham's appeal of the forfeiture to the Court of Special Appeals was dismissed.

This Court must screen and dismiss prisoner actions which fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e) (2) (B) (ii) and 28 U.S.C. § 1915A (B) (1). The standard for evaluating whether an action fails to state a claim upon which relief may be granted is the standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6) which provides "a motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  A  plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Further, federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corporation v. Allapattah Services, Inc*., 545 U.S. 546, 552 (2005).   A district court must determine whether a valid basis for jurisdiction exists, "and dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). While the Court is mindful that Graham is a self-represented litigant and accords his pleadings liberal construction,  *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam ),  this does not mean the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Graham does not allege any constitutional provision or federal law was infringed when the subject property was forfeited.[2]  Where, as here, no federally cognizable claim is presented for review, this Court must dismiss the case for lack of jurisdiction.  Further, to the extent Graham's claim may be construed as an attack on an existing state court order of forfeiture, it is barred by the *Rooker-Feldman* doctrine[3] which holds that where a plaintiff seeks review and reversal of a state court judgment in a federal district court, only the United States Supreme Court may review state-court decisions. *See Exxon Mobile Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 281 (2005);  *Davani v. Virginia Department of Transportation*, 434 F.3d 712, 719 (4th Cir. 2006).  Accordingly, this case is also dismissible for failure to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, the Court will dismiss this case.  A separate Order follows.

September 11, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2]  Graham does not challenge the validity of his arrest or subsequent plea.

[3] *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *see also* 28 U.S.C. § 1257(a).